Blake A. Surbey
McCarron & Diess
4530 Wisconsin Avenue, N.W., Suite 301
Washington, DC 20016
Telephone: (202) 364-0400
Facsimile: (202) 364-2731
Email: bsurbey@mccarronlaw.com

Attorneys for Plaintiff General Produce Co., Ltd.

Justin T. Campagne (CBN 211825)
Campagne & Campagne
A Professional Corporation
Airport Office Center
1685 North Helm Avenue
Fresno, California 93727
Telephone: (559) 255-1637
Facsimile: (559) 252-9617
Email: jcampagne@campagnelaw.com

Attorneys for Plaintiff General Produce Co., Ltd.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

-o0o-

| | |
|---|---|
| GENERAL PRODUCE CO., LTD., a California company, <br><br> Plaintiff, <br><br> vs. <br><br> GEIGER'S LONG VALLEY MARKET, LLC, a Limited Liability Company; GEIGER'S HOPLAND MARKET, LLC, a Limited Liability Company; MICHAEL MACIEL, an individual; MICHAEL BRAUGHT, an individual; SHANNA BRAUGHT, an individual; ABBE ARKELIAN, and individual; and KEN MOLINARO, an individual; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT** |

\\\

\\\

\\\

\\\

COMPLAINT

**COMPLAINT**

**(To Enforce Payment from Produce Trust)**

Plaintiff, General Produce Co, Ltd. ("General Produce" or "Plaintiff"), for its complaint against Defendants Geiger's Long Valley Market, LLC ("Geiger's LV"), Geiger's Hopland Market, LLC ("Geiger's Hopland"), Michael Maciel ("Maciel"), Michael Braught ("Braught"), Shanna Braught ("S. Braught"), Abbe Arkelian ("Arkelian"), and Ken Molinaro ("Molinaro") (Geiger's LV, Geiger's Hopland, Maciel, Braught, S. Braught, Arkelian, and Molinaro are collectively "Defendants") alleges:

**JURISDICTION AND VENUE**

1. Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c)(5) and 28 U.S.C. § 1331.

2. Venue in this District is based on 28 U.S.C. § 1391 in that (a) Plaintiff's claim arose in this District and (b) Defendants reside in this District.

**PARTIES**

3. Plaintiff, General Produce, a California company with its principal place of business in Sacramento, California, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce or contemplation thereof and was at all times pertinent herein a dealer subject to and licensed under the provisions of the PACA as a dealer. (*See* **Exhibit 1**, PACA License of General Produce.)

4. Defendant, Geiger's LV, is a California limited liability company, with its principal place of business in Laytonville, California. Geiger's LV operates a grocery store named Geiger's Long Valley Market and is and/ or was at all relevant times engaged in the business of purchasing wholesale quantities of produce in interstate commerce or contemplation thereof, and was at all times pertinent herein, subject to licensure as a dealer under the PACA.

5. Defendant, Geiger's Hopland, is a California limited liability company formed to operate a new grocery store called "Geiger's Hopland Market" in Hopland

California.

6. Defendant Maciel is an owner, officer, and/or director of the Geiger's LV and Geiger's Hopland who controlled the operations of Geiger's LV and was at all relevant times hereto in a position of control over the PACA trust assets belonging to Plaintiff.

7. Defendant Braught is an owner, officer, and/or director of the Geiger's LV and Geiger's Hopland who controlled the operations of Geiger's LV and was at all relevant times hereto in a position of control over the PACA trust assets belonging to Plaintiff.

8. Defendant S. Braught is an owner, officer, and/or director of the Geiger's LV and Geiger's Hopland who controlled the operations of Geiger's LV and was at all relevant times hereto in a position of control over the PACA trust assets belonging to Plaintiff.

9. Defendant Arkelian is an owner, officer, and/or director of the Geiger's LV, who upon information and belief was at all relevant times hereto in a position of control over the PACA trust assets belonging to Plaintiff.

10. Defendant Molinaro is an owner, officer, and/or director of the Geiger's LV, who upon information and belief was at all relevant times hereto in a position of control over the PACA trust assets belonging to Plaintiff.

**GENERAL ALLEGATIONS**

11. This action is brought to enforce the trust provision of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

12. Between November 1, 2022, and January 17, 2023, Plaintiff sold and delivered to Geiger's LV wholesale quantities of produce and other goods, which had been shipped or moved in interstate commerce or contemplation thereof, and in that current of commerce usual in the trade, in the total amount of $75,940.70; of which $71,485.00 is owed for produce items, and $4,455.10 is owed for non-produce items. All of which remains unpaid. (*See* **Exhibit 2**, Statement of Account; **Exhibit 3**, Invoices.)

COMPLAINT

1  13. Geiger's LV accepted the produce and other goods from Plaintiff yet failed to pay for them despite repeated demands.

14. Geiger's LV purchased more than $230,000.00 worth of produce in a calendar year.

15. Geiger's LV received more than 2,000 pounds of produce in a given day.

16. At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers (the "PACA Trust").

17. The PACA Trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Geiger's LV since the creation of the trust.

18. Plaintiff sent invoices to Geiger's LV for all of the sales at issue herein.

19. Plaintiff's invoices contain the following language required by 7 U.S.C. § 499e(c)(4) to preserve its rights under the PACA Trust:

> The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

20. Plaintiff preserved its interest in the PACA trust in the amount of $71,485.00 by sending invoices to Geiger's LV containing the statutory language required to preserve trust benefits by 7 U.S.C. § 499e(c)(4). (*See* **Exhibit 2**, Invoices.)

21. Plaintiff remains a beneficiary of the PACA Trust until full payment is made for the produce.

22. Geiger's LV's failure and refusal to pay Plaintiff demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

23. Upon information and belief, proceeds from the sale of Plaintiff's

produce have been paid over to Geiger's Hopland.

## Count 1

### (Failure to Pay Trust Funds – Geiger's LV)

24. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 23 above as if fully set forth herein.

25. Upon information and belief, Geiger's LV has failed to maintain the PACA trust.

26. Geiger's LV's failure to maintain the PACA trust and failure to make payment to Plaintiff of PACA trust funds in the amount of $71,485.00 is a violation of PACA and PACA regulations, and is unlawful.

WHEREFORE, Plaintiff requests an order enforcing payment from the PACA Trust by requiring immediate payment of $71,485.00, plus interest, costs, and attorneys' fees to Plaintiff.

## Count 2

### (Failure to Pay for Goods Sold – Geiger's LV)

27. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 26 above as if fully set forth herein.

28. Defendant Geiger's LV failed and refused to pay Plaintiff $75,940.70 owed to Plaintiff for produce received by Defendant Geiger's LV from Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendant Geiger's LV in the amount of $75,940.70, plus interest and attorneys' fees.

## Count 3

### (Failure to Make Prompt Payment – Geiger's LV)

29. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 28 above as if fully set forth herein.

30. Geiger's LV received each of the shipments identified in **Exhibit 2**, hereto.

31. Geiger's LV is required to promptly tender to Plaintiff full payment for

COMPLAINT

the produce received in those shipments pursuant to PACA.

32. Geiger's LV failed and refused to pay for the produce supplied by Plaintiff within the payment terms specified by 7 C.F.R. § 46.2(aa).

33. As a direct and proximate result of Defendant Geiger's LV's failure to pay promptly, Plaintiff has incurred damages in the aggregate amount of $71,485.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

WHEREFORE, Plaintiff requests an order enforcing the PACA's prompt payment requirements by requiring immediate payment of $71,485.00, plus interest, costs, and attorneys' fees to Plaintiff.

## Count 4

**(Unlawful Dissipation of Trust Assets by a Corporate Official –Maciel)**

34. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 33 above as if fully set forth herein.

35. Defendant Maciel is and/or was an officer, manager, director and/or shareholder who operated Geiger's LV during the period of time in question and is and/or was in a position of control over the PACA trust assets belonging to Plaintiff.

36. Defendant Maciel failed to direct Geiger's LV to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

37. Defendant Maciel's failure to direct Geiger's LV to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

38. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Maciel in the amount of $71,485.00, plus interest, costs, and attorneys' fees.

\\\

\\\

## Count 5

**(Unlawful Dissipation of Trust Assets by a Corporate Official – Braught)**

39. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 38 above as if fully set forth herein.

40. Defendant Braught is and/or was an officer, manager, director and/or shareholder who operated Geiger's LV during the period of time in question and is and/or was in a position of control over the PACA trust assets belonging to Plaintiff.

41. Defendant Braught failed to direct Geiger's LV to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

42. Defendant Braught's failure to direct Geiger's LV to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

43. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Braught in the amount of $71,485.00, plus interest, costs, and attorneys' fees.

## Count 6

**(Unlawful Dissipation of Trust Assets by a Corporate Official – S. Braught)**

44. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 43 above as if fully set forth herein.

45. Defendant S. Braught is and/or was an officer, manager, director and/or shareholder who operated Geiger's LV during the period of time in question and is and/or was in a position of control over the PACA trust assets belonging to Plaintiff.

46. Defendant S. Braught failed to direct Geiger's LV to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

47. Defendant S. Braught's failure to direct Geiger's LV to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation

of trust assets by a corporate official.

48. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant S. Braught in the amount of $71,485.00, plus interest, costs, and attorneys' fees.

## Count 7

**(Unlawful Dissipation of Trust Assets by a Corporate Official – Arkelian)**

49. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 48 above as if fully set forth herein.

50. Defendant Arkelian is and/or was an officer, manager, director and/or shareholder who operated Geiger's LV during the period of time in question and is and/or was in a position of control over the PACA trust assets belonging to Plaintiff.

51. Defendant Arkelian failed to direct Geiger's LV to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

52. Defendant Arkelian's failure to direct Geiger's LV to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

53. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Arkelian in the amount of $71,485.00, plus interest, costs, and attorneys' fees.

## Count 8

**(Unlawful Dissipation of Trust Assets by a Corporate Official – Molinaro)**

54. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 53 above as if fully set forth herein.

55. Defendant Molinaro is and/or was an officer, manager, director and/or

1  shareholder who operated Geiger's LV during the period of time in question and is and/or
2  was in a position of control over the PACA trust assets belonging to Plaintiff.

3        56.    Defendant Molinaro failed to direct Geiger's LV to fulfill its statutory
4  duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

5        57.    Defendant Molinaro's failure to direct Geiger's LV to maintain PACA
6  trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust
7  assets by a corporate official.

8        58.    As a result of said unlawful dissipation of trust assets, Plaintiff has been
9  deprived of its rights as a beneficiary in the produce trust and has been denied payment for
10 the produce it supplied.

11       WHEREFORE, Plaintiff requests judgment against Defendant Molinaro in the
12 amount of $71,485.00, plus interest, costs, and attorneys' fees.

### Count 9

### (Alter Ego)

15       59.    Plaintiff incorporates each and every allegation set forth in paragraphs
16 1 to 58 above as if fully set forth herein.

17       60.    Upon information and belief, Defendants Maciel, Braught, and S.
18 Braught own and operate Geiger's LV and Geiger's Hopland.

19       61.    Upon information and belief, proceeds from sales by Geiger's LV were
20 used to finance construction/buildout of Geiger's Hopland.

21       62.    Upon information and belief, proceeds from sales by Geiger's LV were
22 used to pay debts of Geiger's Hopland.

23       63.    Upon information and belief, Geiger's LV and Geiger's Hopland do
24 not operate independently.

25       64.    Upon information and belief, Geiger's LV and Geiger's Hopland are
26 inadequately capitalized.

27       WHEREFORE, Plaintiff respectfully requests an order finding that Geiger's
28 LV and Geiger's Hopland are alter-egos of each other for purposes of recovering the PACA

trust debt from either or both of the corporate defendants.

**Count 10**

**(Unlawful Receipt and Retention of PACA Trust Assets – Geiger's Hopland)**

65. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 64 above as if fully set forth herein.

66. At all times material herein, Geiger's Hopland knew or had reason to know that Geiger's LV operated as a purchaser and reseller of wholesale quantities of produce.

67. At all times material herein, Geiger's Hopland knew or had reason to know that Geiger's LV was experiencing financial difficulties.

68. At all times material herein, Geiger's Hopland knew or had reason to know that Geiger's LV was experiencing difficulties paying its produce suppliers.

69. Geiger's Hopland received funds from Geiger's LV.

70. Geiger's Hopland knew, or should have known, that the source of the funds received from Geiger's LV were proceeds from Geiger's LV's sale of produce.

71. Geiger's Hopland wrongfully received and continues to wrongfully hold PACA trust assets which are due to Plaintiff.

72. Plaintiff's invoices to Geiger's LV entitle Plaintiff to recover interest on all unpaid balances.

73. Plaintiff's invoices to Geiger's LV entitle Plaintiff to recover attorneys' fees and costs necessary to collect any balance due.

74. Interest, attorneys' fees and costs are deemed "sums owing in connection with" the sales to Geiger's LV under PACA.

WHEREFORE, Plaintiff respectfully requests entry of an order directing Defendant Geiger's Hopland to disgorge and pay over all PACA trust assets in its up to the amount of $71,485.00 plus interest and attorneys' fees.

\\\
\\\

## Count 11

### (Interest and Attorneys' Fees)

75. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 74 above as if fully set forth herein.

76. Plaintiff's invoices entitle it to interest at the rate of 1.5% (18% per annum) in the event of nonpayment.

77. Plaintiff's invoices entitle it to attorneys' fees and costs in the event of collection.

78. Interest, costs, and attorneys' fees are "sums owing in connection with" the sales under the PACA.

79. As a result of Defendants' continued failure to make payment for the produce sold and delivered to Defendants by Plaintiff, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action.

80. As a result, Plaintiff has lost the use of its money.

81. Defendants' continued failure to make full payment promptly for the produce sold and delivered to Defendants, entitles Plaintiff to recover interest, costs, and attorneys' fees in enforcing the PACA trust and the invoices.

WHEREFORE, Plaintiff requests judgment against each of the Defendants, jointly and severally, for pre-judgment interest, costs, and attorneys' fees.

Dated: April 13, 2023                     Respectfully submitted,

                                          Law Firm of Campagne & Campagne
                                          A Professional Corporation


                                          By    /s/ Justin T. Campagne
                                          Justin T. Campagne
                                          Attorneys for Plaintiff General Produce Co., Ltd.

F:\DATA\docs\General Produce Company\Pleadings\Complaint.docx